JUNE CIRCUIT, 1808.   KING'S COUNTY

JORALIMON *against* PIERPONT *and* CORNELL.

Where trespass is laid with a *continuando*, the plaintiff may give evidence of
divers acts of trespass within the *continuando ;* but if he travel out of it,
he must select one act and rest upon that.

THIS was an action for a trespass, by the defendants. on
the plaintiff's land.

.. The declaration was entitled of August term, 1804, and
set forth the commission of divers trespasses on the 1st day
of January, 1804, and often afterwards, to wit, until the
day of exhibiting the bill in the cause.

The plaintiff's counsel offered to produce evidence of
some acts of trespass, anterior to the 1st of January, 1804.

The defendants' counsel contended, that the plaintiff
must confine his proof to acts of trespass within the *con-
tinuando.*

VAN NESS, J.   Where a plaintiff declares for trespasses
done on a particular day, with a *continuando* to another day,
he may give, in evidence, any number of acts of trespass
within the *continuando ;* but if he travels out of the *continu-
ando*, he must select one act of trespass, and give evidence
as to that act only.(1)

(1) To avoid multiplicity of suits, a man may, in one action of trespass,
recover damages for many trespasses, laying the first to be done with a *con-*

Joralimon v. Pierpont.

The plaintiff selected a particular act out of the *continuando*, and obtained a verdict.

*D. B. Ogden*, for the plaintiff.

*Colden*, for the defendants.

*tinuando;* provided it is a trespass, of which there could have been a continuance. 1 Lev. 210. And whether it is such a trespass or not, is a consideration of good sense. 1 Lord Raym. 240.

There are two ways of declaring with a *continuando;* the one with a *continuando* for the whole time, from the day on which the first trespass is charged, until a subsequent day mentioned in the declaration. This way of declaring is proper, in any case where the trespass may have been continued, without intermission, for a longer term than the space of one day. The other mode is with a *continuando diversis diebus et vicibus,* viz: on divers days and at divers times, from the day on which the first trespass is charged, until, &c. This way of declaring is proper, where there may have been a repetition of the trespass on a subsequent day, or where part of the trespass was committed on one day and part on another. 6 Bacon. 604.

Where the *continuando* is defective, or when it is abandoned, as it seems to have been in this case, the declaration is considered as a general declaration in trespass; and if there is but one count, the plaintiff is, consequently, driven to rest his cause on a single act of trespass. *Fontleroy* v. *Aylmer,* 1 Lord Raym. 240; *Monckton* v. *Pashley,* 2 Lord Raym. 977. The day, in trespass, being immaterial, the plaintiff has a right to offer evidence of a trespass before the day laid in the declaration. And so is, Co. Litt. 283, *a.* In an action of trespass, if the day, laid in the declaration, be either before or after the actual day, on which the trespass was committed, it is not material if a trespass be proved before action brought. Buller, in his *Nisi Prius,* observes, on the very point in this case, as follows: " In trespass with a *continuando,* the plaintiff ought to confine himself to the time in the declaration; yet he may waive the *continuando,* and prove a trespass on any day before the action is brought." Buller N. P. 86. So in *Hume* v. *Oldacre,* (1 Starkie, 351,) Lord Ellenborough held, that it was competent to the plaintiff to give in evidence, one act of trespass anterior to the time laid in the record; but, that in such case, he would be confined to one act of trespass, though he might give, in evidence, any number of acts of trespass within the time laid in the record, if he confined himself to that time.